IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
────────────────────────────────────

UNITED STATES OF AMERICA,

        v.                                 00-CR-199-S (06)

JOACHIM SYLVESTER,

                Defendant.

────────────────────────────────────

### RESPONSE TO MOTION UNDER 18 U.S.C. § 3582(c)(2)

The government makes this submission pursuant to this Court's Sua Sponte Motion and Order, issued pursuant to Title 18, United States Code, Section 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses.

For the reasons set forth below, defendant is not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2).

On August 4, 2003, the defendant pled guilty to Count 1 of the Superseding Indictment, charging him with conspiracy to possess with intent to distribute 50 grams or more of cocaine base.

**PROCEDURAL BACKGROUND**

Utilizing Sentencing Guidelines Sections 2D1.2(a)(1) and 2D1.1(c)(4) for the base offense level of 32, with the adjustment for acceptance of responsibility, safety valve and a 3 level motion pursuant to § 5K1.1, the Court found an offense level of 24 and a Criminal History Category I, giving the defendant a sentencing range of 51 to 63 months.

The defendant was sentenced on February 8, 2005, to a non-Guideline term of 48 months incarceration, 5 years supervised release and $100 special assessment.

The defendant did not file an appeal of final judgement.

**BACKGROUND OF THE AMENDMENT**

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[1]  On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

-2-

in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  See U.S.S.G., App. C, Amend. 706.[2]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence.  Under the amendment, the Commission has set the offense levels so that the resulting Guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties.  For example, a trafficking offense involving 5

---

[2] The Supreme Court recently held in Kimbrough v. United States, ___ U.S. ___, 2007 WL 4292040 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders.  However, that issue is not pertinent to this case, which involves only a Section 3582(c)(2) reduction based on a specific Guideline amendment.

grams or more of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  Therefore, the revised Guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at Criminal History Category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the Guideline for crack offenses.  At the high end, the Guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  At the low end, the Guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.  Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

Title 18, United States Code, Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission

pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In U.S.S.G. § 1B1.10, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[3]   On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).   Revised Section 1B1.10, which becomes effective on March 3, 2008, provides, in relevant part:

(a)   <u>Authority</u>. —

(1)   <u>In General</u>. — In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

---

[3]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A Guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).   <u>See</u>, <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997).

As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)     <u>Exclusions</u>. — A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if —

    (A)   none of the amendments listed in subsection (c) is applicable to the defendant; or

    (B)   an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3)     <u>Limitation</u>. — Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b)     Determination of Reduction in Term of Imprisonment —

(1)     <u>In General</u> — In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2)     <u>Limitations and Prohibition on Extent of Reduction</u> —

    (A)   <u>In General</u> — Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1).

(B)  <u>Exception</u> — If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate.  However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

(C)  <u>Prohibition</u> — In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

**ARGUMENT**

## I.  DEFENDANT IS NOT AUTOMATICALLY ENTITLED TO A SENTENCE REDUCTION.

The defendant's Guideline range was based on a base offense level of 32 and a Criminal History Category of I with a total offense level of 24, with the adjustment pursuant to § 5K1.1 motion, the Guideline range was 51 to 63 months.  The Court considered the factors set forth in 18 U.S.C. § 3553(a) and imposed a sentence of 48 months imprisonment which was outside of the advisory Guideline range.  Specifically, the base offense level in this case is now 30, pursuant to amended Section 2D1.1; when combined with the other Guideline applications made earlier, the final offense level is 22.  At the established Criminal History

Category of I, this would result in a sentencing range of 41 to 51 months.   The defendant's current sentence of 48 months is now within that range.   Should the Court deem to re-sentence the defendant, the government feels that, with the consideration previously given, the Court should re-sentence no lower than bottom of the new reduced range of 41 months.

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic.   This Court's discretion is set forth in Section 3582(c)(2) itself, which provides:   "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   Thus, while an amendment specified in U.S.S.G. § 1B1.10 may authorize this Court to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), it does not require it. <u>United States v. Reddick</u>, 53 F.3d 462, 464 (2d Cir. 1995).   "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the Guideline range is actually reduced. <u>United States v. Vautier</u>, 144 F.3d 756, 760 (11th Cir. 1998).[4]

---

[4] In <u>Vautier</u>, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors.   The

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. U.S.S.G. § 1B1.10, comment. (n. 1(B)(I); see also U.S.S.G. § 1B1.10, backg'd ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading section 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's

---

district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

sentence under § 3582(c)(2)." <u>Vautier</u>, 144 F.3d at 760.  First,
Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction
> in the term of imprisonment under 18 U.S.C. § 3582(c)(2)
> and this policy statement is warranted, the court shall
> determine the amended guideline range that would have
> been applicable to the defendant if the amendment(s) to
> the guidelines listed in subsection (c) had been in
> effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline
range for the originally applied guideline range and determine what
sentence it would have imposed.  In undertaking this first step,
only the amended guideline range is changed.  All other guideline
application decisions made during the original sentencing remain
intact." <u>Vautier</u>, 144 F.3d at 760.  Then, in the second step, "in
light of the conclusion reached in the first step, the court must
consider the factors listed in § 3553(a) and determine whether or
not to reduce the defendant's original sentence." <u>Id.</u>

Subject to the limits set forth in Section 1B1.10(b), to be
discussed below, the Court may consider all pertinent information
in applying the Section 3553(a) factors and determining whether and
by how much to reduce the defendant's sentence.  In particular, the
Court must consider public safety considerations, and may consider
information regarding the post-sentencing conduct or situation of
the defendant, whether positive or negative.  Revised application

note 1(B)(ii) to Section 1B1.10 directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced.  <u>See</u> 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-Guideline sentence, which is the case here), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended Guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A).  An application note adds:  "Under subsection (b)(2), the amended Guideline range determined under subsection (b)(1) and the term of imprisonment

already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement.  Specifically, if the original term of imprisonment imposed was within the Guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended Guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10, comment., n.3.[5]  Thus, this Court may not reduce the sentence below the range provided by the amended Guideline, and "in no case . . . shall the term of imprisonment be reduced below time served."  Id.[6]

---

[5] Application note 3 provides an example of this rule:

> For example, in a case in which:  (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

[6] Application note 4(B) states that if the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended Guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1).  That issue is not ripe, however, with regard to a current prisoner.  A court may not reduce a term of supervised release under a motion pursuant to Section 3582(c)(2).  The matter must await a motion under Section 3583(e)(1) filed "at any time after the expiration of one year of supervised release," addressing "the conduct of the defendant released."  18 U.S.C. § 3583(e)(1).

In determining whether to reduce the imposed sentence, the Court may take into account the fact that the defendant previously received a non-Guideline sentence pursuant to 18 U.S.C. § 3553 and Booker.  Specifically, at his original sentencing, the defendant faced a range of 51 to 63 months under the Guideline, but the court, citing Booker and consideration of 18 U.S.C. § 3553 factors, imposed a sentence of 48 months.  While the Court maintains the discretion to further reduce the defendant's sentence, revised Section 1B1.10(b)(2)(B) cautions: "if the original term of imprisonment constituted a non-Guideline sentence determined pursuant to 18 U.S.C. § 3553 and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."  In this case, the suggestion of the Sentencing Commission should be followed, and no further reduction should be granted beyond any amended range.

**II.  SECTION 3582(c)(2) DOES NOT CONTEMPLATE PLENARY RESENTENCING.  THUS, THIS COURT MAY NOT REVISIT OTHER SENTENCING ISSUES AND DEFENDANT MAY NOT SEEK THAT THIS COURT NOW IMPOSE A NON-GUIDELINES SENTENCE PURSUANT TO BOOKER.**

Section 3582(c)(2) does not authorize a full resentencing hearing.  Accordingly, defendant should not be provided an opportunity at this time to relitigate sentencing issues unrelated to application of the amended U.S.S.G. § 2D1.1 to crack offenses,

including any claims that he is entitled to retroactive relief pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005). <u>Booker</u> was not a Guideline amendment promulgated by the Sentencing Commission. Accordingly, the plain terms of 18 U.S.C. § 3582(c)(2) do not apply. <u>Cortorreal v. United States</u>, 486 F.3d 742, 744 (2d Cir. 2007).

**A.   This Court may not revisit other sentencing issues.**

Section 3582(c)(2) permits a sentencing court to reduce a defendant's sentence only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its recently revised policy statements, the Sentencing Commission stated plainly that proceedings under U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2) "do not constitute a full resentencing of the defendant." Thus, section 3582(c)(2) is a limited extension of Congressional grace to defendants serving otherwise final sentences.

Furthermore, in U.S.S.G. 1B1.10(b)(1), the policy statement explicitly directs that "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in

-14-

subsection (c) for the corresponding Guideline provisions that were applied when the defendant was sentenced and <u>shall leave all other guideline application decisions unaffected</u>."   (emphasis added). The limitation imposed by the Sentencing Commission must be respected.  <u>See</u> <u>Quesada-Mosquera v. United States</u>, 243 F.3d 685, 686 (2d Cir. 2001) (on section 3582(c)(2) motion, judge "must consider facts about the defendant as they existed at the time of his original sentencing").  <u>See</u> <u>also</u> <u>United States v. Bravo</u>, 203 F.3d 778, 781 (11th Cir. 2000) (Section 3582(c)(2) "do[es] not contemplate a full de novo resentencing") (quoting <u>United States v. Cothran</u>, 106 F.3d 1560, 1562 (11th Cir. 1997)); <u>United States v. Whitebird</u>, 55 F.3d 1007, 1011 (5th Cir. 1995) ("A [Section] 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence.").

     Plainly, the provision for reduction of sentence stated in Section 3582(c)(2) and implemented in Section 1B1.10 is narrow, given the essential jurisprudential interest in finality in criminal litigation.  <u>See</u> <u>Teague v. Lane</u>, 489 U.S. 288, 308-10 (1989) ("Without finality, the criminal law is deprived of much of its deterrent effect.").  A federal criminal sentence is generally final following a direct appeal, and pursuant to 18 U.S.C. § 3582(c) may not be modified once it is imposed, save for a few

very circumscribed situations. Section 3582(c)(2) allows modification based on a Guideline amendment deemed retroactively applicable by the Sentencing Commission; Federal Rule of Criminal Procedure 35 allows a revision based on specified clerical and technical errors, or pursuant to a government motion; and 28 U.S.C. § 2255 permits resentencing to correct errors of constitutional magnitude or those amounting to a miscarriage of justice. See United States v. Thomas, 135 F.3d 873, 876 (2d Cir. 1998) ("Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines.").

Thus, the power afforded in Section 3582(c)(2) is limited, and that limit must be respected. See Braxton v. United States, 500 U.S. 344, 348 (1991) ("In addition to the duty to review and revise the Guidelines, Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u). This power has been implemented in Section 1B1.10, which sets forth the amendments that justify sentence reduction.") (emphasis in original). The Third Circuit explained:

> It is, thus, clear that only the retroactive amendment is to be considered at a resentencing under § 3582 and the applicability of that retroactive amendment must be determined in light of the circumstances existent at the time sentence was originally imposed. In other words,

the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied.

United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002). McBride rejected an effort to invoke the new constitutional rule of Apprendi v. New Jersey, 530 U.S. 466 (2000) (that any fact which increases a statutory maximum sentence must be proven to a jury beyond a reasonable doubt), through the filing of a Section 3582(c)(2) motion, given that Apprendi did not represent an action of the Sentencing Commission lowering a Guideline range.  McBride held that, consistent with the limited relief afforded by Sections 3582(c)(2) and 1B1.10, the district court could impose a sentence within a reduced Guideline range regardless of whether that sentence violated Apprendi.  McBride, 283 F.3d at 615-16.

All other courts, including the Second Circuit in Cortorreal and Quesada Mosquera, supra, have acted consistently in rejecting any attempt to utilize Section 3582(c)(2) to seek relief other than that expressly authorized by Congress, namely, to seek a reduction pursuant to a retroactive Guideline amendment.  See, e.g., United States v. Jordan, 162 F.3d 1 (1st Cir. 1998) (when reducing a sentence based on a retroactive amendment, the court does not have authority to grant a departure on any other ground, including the provision in Section 5K2.0 for departures in extraordinary cases);

-17-

<u>United States v. Carter</u>, 500 F.3d 486, 490-91 (6th Cir. 2007) (Section 3582(c)(2) motion may not be employed to present claim under <u>Booker</u>; explaining that a Section 3582(c)(2) motion may only be presented based on a Guideline amendment of the Sentencing Commission, as the basis of the motion is distinct from other claims which might affect the sentence, which must be presented, if at all, under Section 2255); <u>United States v. Smith</u>, 241 F.3d 546, 548 (7th Cir. 2001) (Section 3582(c)(2) motion may not be employed to present claim under <u>Apprendi</u>); <u>United States v. Lloyd</u>, 398 F.3d 978, 979-80 (7th Cir. 2005) (claims that district judge miscalculated the defendant's relevant conduct, and that the CCE statute was improperly applied, were cognizable only under Section 2255, and the Section 3582(c)(2) motion was therefore properly dismissed); <u>United States v. Price</u>, 438 F.3d 1005, 1007 (10th Cir. 2006) (Section 3582(c)(2) motion may not be employed to present claim under <u>Booker</u>); <u>United States v. Bravo</u>, 203 F.3d 778, 782 (11th Cir. 2000) (district court was correct to deny Eighth Amendment claim; "Section 3582(c), under which this sentencing hearing was held, does not grant to the court jurisdiction to consider extraneous resentencing issues such as this one.  Bravo must instead bring such a collateral attack on his sentence under 28 U.S.C. § 2255."); <u>United States v. Moreno</u>, 421 F.3d 1217, 1220 (11th Cir. 2005) (Section 3582(c)(2) motion may not be employed to present claim under <u>Booker</u>).

**B.**   **<u>Booker</u> does not apply to these proceedings.**

The Second Circuit has held that the Supreme Court's decision in <u>Booker</u> does not provide a defendant with an independent basis to bring a motion pursuant to 18 U.S.C. § 3582(c)(2).  <u>Cortorreal v. United States</u>, 486 F.3d at 744.  Neither does <u>Booker</u> expand the scope of sentencing reductions under 18 U.S.C. § 3582(c)(2) in instances, like this one, where the § 3582(c)(2) motion is properly before the Court due to a <u>bona fide</u> Guidelines amendment.

As an initial matter, even before <u>Booker</u>, the Guidelines were not mandatory in Section 3582(c) proceedings.  Judges were never required to reduce a sentence.  Rather, Section 3582(c)(2) states that a court "may" reduce the term of imprisonment.  Nor, if courts did so, were they required to reduce a sentence to the full extent permitted by the retroactive Guideline amendment.  Instead, judges were to "consider[] the factors set forth in Section 3553(a) to the extent that they are applicable" and reduce the sentence "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2).  Thus, the Section 3553(a) factors were always the guiding principle under Section 3582(c)(2), with the sole limitation that a reduction must accord with the Commission's policy statements.

Booker had no direct effect on Section 3582(c)(2).  Booker's constitutional holding applied the now-familiar rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Booker, 543 U.S. at 231 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).  That rule has no application to proceedings under Section 3582(c)(2), which can only decrease — not increase — the defendant's sentence.  Moreover, the limits Section 3582(c)(2) and U.S.S.G. § 1B1.10 impose on the extent of reductions are, at most, the equivalent of mandatory minimum sentences, which the Sixth Amendment permits within an otherwise-authorized sentencing range.  See Harris v. United States, 536 U.S. 545 (2002).

Booker's remedial holding is likewise inapplicable.  Booker applies to full sentencing hearings — whether in an initial sentencing or in a resentencing where the original sentence is vacated for error.  The Court excised and severed the provision that made the Guidelines mandatory in those sentencings, 18 U.S.C. § 3553(b).  It also excised the related provision on appellate review, 18 U.S.C. § 3742(e).  "With these two sections excised (and statutory cross-references to the two sections consequently invalidated)," the Court held, "the remainder of the Act satisfies the Court's constitutional requirements."  543 U.S. at 259.

Section 3582(c)(2) contains no cross-reference to Section 3553(b)
and therefore was not excised by Booker.   Nor is there anything
else in Booker that directly addresses Section 3582 proceedings.

Section 3582(c)(2)'s direction that the court "shall consider
the factors in section 3553(a) to the extent that they are
applicable" offers no support for any argument that this Court may
conduct a full resentencing.   Although one of the factors in
Section 3553(a) is the Guidelines range, and Booker made that range
advisory, the still-valid statutory language in Section 3582(c)(2)
requires courts to consider the Section 3553(a) factors (including
the Guidelines) when determining whether and by how much to reduce
the sentence, "consistent with applicable policy statements issued
by the Sentencing Commission."   The Commission has made clear that
courts are to consider the Section 3553(a) factors in determining
whether a reduction is warranted and "the extent of such reduction,
but only within the limits" of Section 1B1.10.   U.S.S.G. § 1B1.10,
comment. (n. 1(B)(I)) (emphasis added).

The conclusion that Booker does not apply in proceedings under
Section 3582(c)(2) is consistent with the Second Circuit's holding
that defendants whose convictions are final have no right to
resentencing under Booker on collateral review under 28 U.S.C.
§ 2255.   Guzman v. United States, 404 F.3d 139, 141-44 (2d Cir.

2005).  It would thus be incongruous to interpret the congressional scheme in Section 3582(c)(2) (which provides for much more limited relief than 28 U.S.C. § 2255, concerns only sentence reductions, and raises no Sixth Amendment concerns) as triggering a full <u>Booker</u> resentencing.

Indeed, given that <u>Booker</u> does not apply to the many defendants whose sentences were final when <u>Booker</u> was decided, it would be unfair to apply <u>Booker</u> to that subset of those defendants whose sentences are being lowered under Amendment 706.  Section 3582(c)(2) was designed only to permit courts to reduce defendants' sentences to account for a retroactive Guideline amendment.  To grant these defendants a further reduction that is not afforded to all other similarly situated defendants would produce the unwarranted sentencing disparities Congress sought to eliminate in the Sentencing Reform Act.  It would also entail enormous additional cost and effort in resentencing tens of thousands of inmates, even though Section 3582(c)(2) by its terms does not authorize a full resentencing.

Neither do <u>Gall v. United States</u>, ___ U.S. ___, 128 S.Ct. 586 (2007), nor <u>Kimbrough v. United States</u>, ___ U.S. ___, 128 S.Ct. 558 (2007), affect this analysis.  Both decisions reaffirmed <u>Booker</u>'s remedial holding that the Guidelines are advisory and that

sentences are subject to appellate review for reasonableness, and both decisions proceeded to apply that remedial holding to the questions before them.  <u>See</u> <u>Gall</u>, 128 S.Ct. at 594-598; <u>Kimbrough</u>, 128 S.Ct. at 573-574.  Because, as explained above, <u>Booker</u> does not apply to Section 3582(c) proceedings, the applications of <u>Booker</u>'s remedial opinion in <u>Gall</u> and <u>Kimbrough</u> also do not expand this Court's authority pursuant to 18 U.S.C. § 3582(c)(2).

Accordingly, while this Court should consider the Section 3553(a) factors in determining whether and to what extent to reduce the sentence, it must abide by the limitations on sentencing reductions directed by Congress.  <u>Booker</u> does not apply, and there is no authorization for this Court to revisit its earlier sentencing determinations.

## PROPER PROCEDURE FOR REDUCING SENTENCE

### 1.   The Court may not order the release of the offender prior to March 3, 2008.

The effective date of the Sentencing Commission's action making the crack cocaine amendments retroactive is March 3, 2008. Accordingly, this Court is without authority to reduce a sentence prior to that date.  Should the Court consider the defendant's Section 3582(c)(2) motion before that date, and should the Court

exercise its discretion to reduce the defendant's sentence to time served, it should indicate on the order granting relief that the order will take effect on March 3, 2008, and that the defendant may not be released prior to that date.  As explained above, Congress has delegated to the Sentencing Commission the sole authority to permit the retroactive application of a Guideline reduction, and no court may alter an otherwise final sentence on the basis of such a retroactive Guideline unless the Sentencing Commission expressly permits it.  See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997).  The Sentencing Commission has not permitted a reduction to a crack cocaine sentence prior to March 3, 2008, and therefore the courts are without authority to apply the amendments as retroactive before that date.  Absent permission from the Commission, the Court may not release the defendant at this time.[7]

**2.   Any immediate release of the defendant should be delayed for 10 days.**

If this Court grants a reduction of sentence that makes the defendant's release from custody immediate or imminent, the United

---

[7] The Sentencing Commission so acted given the enormous burdens that retroactive application of the crack cocaine amendments, in tens of thousands of cases, will impose on the courts, prison officials, probation officers, prosecutors, and others. The delayed implementation of retroactivity permits all officials to assure the orderly handling of these many cases and prisoners.  Delayed implementation also allows for Congressional review of the Commission's decision and Congress may choose to reject or alter the Commission's decision.

States requests that courts delay a defendant's release for a period of at least 10 calendar days from the date of the court's order. This period of delay will enable the Bureau of Prisons (1) to review the defendant for possible civil commitment as a sexually dangerous person, as required by 18 U.S.C. § 4248; (2) to notify victims and witnesses of the release of an offender as required by 18 U.S.C. § 3771; (3) to notify law enforcement officials and sex offender registration officials of the release of a violent offender or sex offender pursuant to 18 U.S.C. §§ 4042(b) and (c); and (4) to permit adequate time to collect DNA samples pursuant to 42 U.S.C. § 14135a.

## CONCLUSION

For all of the reasons stated above, the government respectfully requests that the defendant's sentence not be reduced.

Any reduction, if granted, should be within the newly amended range.

      DATED:  Buffalo, New York, February 15, 2008.

                                 Respectfully submitted,

                                 TERRANCE P. FLYNN
                                 United States Attorney

                    BY:
                                 s/THOMAS S. DUSZKIEWICZ
                                 Assistant United States Attorney
                                 United States Attorney's Office
                                 Western District of New York
                                 138 Delaware Avenue
                                 Buffalo, New York  14202
                                 716/843-5863
                                 Thomas.S.Duszkiewicz@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

         v.                             00-CR-199-S (06)

JOACHIM SYLVESTER,

               Defendant.
―――――――――――――――――――――――――――――――

### CERTIFICATE OF SERVICE

     I hereby certify that on February 15, 2008, I electronically filed the foregoing **RESPONSE TO MOTION UNDER 18 U.S.C. § 3582(c)(2)** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

          Patrick J. Brown, Esq.
          Susan C. Murray, U.S. Probation Officer

                         s/KEA D. RUSCH