UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

v.                                                    00-CR-199S

**Report
&
Recommendation**

JULIO NUNEZ,

Defendant.

_____

Before the Court are the following motions: defendant's motion for release related to

competency issues (Docket No. 870) and defendant's motion for judicial estoppel (Docket No.

880).[1]

_____

[1]  Whether a ruling on a motion to determine the competency of a criminal defendant to stand trial is dispositive or non-dispositive, pursuant to 28 U.S.C. §636, is not well settled.  The Second Circuit has not addressed the issue.  The Ninth Circuit has held that an order authorizing the administration of medication for the purpose of making a defendant competent to stand trial was dispositive of the defendant's defense of competency, and therefore could not be fully delegated to the Magistrate Judge under §636(b)(1)(A). United States v. Rivera-Guerrero, 377 F.3d 1064 (9th Cir. 2004); United States v. George, 2007 WL 1146395 (D.Ariz. 2007).  Other Courts have held that a Magistrate Judge can resolve a competency motion. United States v. Doshier, 2009 WL 2230789 (E.D.Okla. 2009); United States v. Kasim, 2008 WL 4822291 (N.D.Ind. 2008).  Because the jurisdiction of the Magistrate Judge in such matters is not well-settled, the Court has determined that the matter is more prudently the subject of a Report & Recommendation.

1

**Background**

The defendant, Julio Nunez ("Nunez"), was named in a Superseding Indictment on March

14, 2001, as part of a 19 defendant drug conspiracy.  Nunez was charged in the following counts:

Count 1 (conspiracy to possess and distribute cocaine), Counts 2 & 3 (possession with intent to

distribute cocaine),  and Counts 10, 13, 14, and 17 (using a telephone to facilitate the conspiracy

to posses and distribute cocaine). Nunez was arraigned on March 18, 2002. At that time, the

Court was advised that Nunez was also indicted on separate charges pending in the Southern

District of New York ("S.D.N.Y."). (Docket No. 158). After a detention hearing on March 25,

2002, Nunez was detained pending trial in this matter. (Docket No. 166). The record reflects that,

on May 26, 2004, the Court was advised that Nunez was sent for a mental examination in

connection with the criminal proceedings in the S.D.N.Y.  (See Minute Entry dated May 26,

2004).  On August 24, 2004, Judge Skretny was advised that it had been determined that Nunez

was not competent to stand trial in connection with the case in the S.D.N.Y. (See Minute Entry

dated August 24, 2004).  On October 28, 2004, Judge Skretny was advised that the Court in the

S.D.N.Y. proceedings had remanded Nunez to a psychiatric facility for restoration to

competency.  (See October 28, 2004 Minute Entry). On February 25, 2005, Judge Skretny

granted a motion to sever Nunez from the remaining defendants so that the trial could proceed.

(See Minute Entry dated February 25, 2005).  On July 17, 2006, the Court denied Nunez's

motion to dismiss. (Docket No. 679). On January 8, 2007, Judge Skretny was advised that Dr.

Robert Lucking, a staff psychiatrist at the Federal Medical Center in Butner, North Carolina

(reporting pursuant to the Order by the Court in the S.D.N.Y. proceeding), had determined that

Nunez remained incompetent to stand trial. (Docket No. 685).  On August 1, 2007, Judge

2

Skretny was advised that Nunez had not yet been restored to competency (Docket No. 689).  On

February 6, 2008, Judge Skretny was advised that Nunez remained incompetent for trial. The

Court denied an oral motion for dismissal at that time. (Docket No. 699).  Judge Skretny was

informed that Nunez was still "in a delusional state" on August 8, 2008 (Docket No. 732). On

August 24, 2009, Judge Skretny was again advised that Nunez was "in a delusional state."

(Docket No. 778).  Nunez again filed a motion to dismiss on October 8, 2009. (Docket No. 792).

Judge Skretny denied the motion on January 13, 2011 (Docket No. 844).

On August 9, 2011, Judge Skretny was informed that the indictment against Nunez in the

S.D.N.Y. had been dismissed based upon a determination that he could not be restored to

competency. (Docket No. 867). It appears that this determination was based upon a June 28,

2011 Report from Dr. Lucking stating:

> It is the opinion of his Forensic Team that Mr. Nunez is not
> competent to stand trial and cannot be restored to competency with
> further treatment. Mr. Nunez has received adequate treatment with
> several antipsychotic medications over the course of his stay at
> FMC Butner. His grandiose religious delusional beliefs remain and
> substantially impact his thinking and reasoning related to these
> legal proceedings. Mr. Nunez possesses an adequate and factual
> understanding of the charges against him.  He has an adequate
> understanding of the pleas available to him and the consequences
> of each. Mr. Nunez does not appear to understand the seriousness
> of his legal difficulty at this time nor had he appeared to have a
> reality-based understanding at anytime during his stay at FMC
> Butner. ... [T]here remain major psychiatric symptoms in the form
> of grandiose religious delusional beliefs present which would
> prevent him from working with his attorney to plan a legal strategy.
> The delusional beliefs prevent Mr. Nunez from reasonably,
> rationally and logically discussing his legal charges and planning a
> legal strategy. In addition, the decisional capacity is significantly
> impaired by these delusional beliefs.

Lucking, June 28, 2011 Report at page 9.

On September 8, 2011, Nunez filed the instant motion for release from custody based upon competency issues. (Docket No. 870).  The defendant also filed a motion to estop the government from contesting the incompetence of Nunez. (Docket No. 880). The matter was referred to the undersigned on October 26, 2011. (Docket No. 876).  On December 20, 2011, after preliminary proceedings, this Court ordered Nunez undergo a psychological evaluation in connection with this case. (Docket No. 886).  Notwithstanding the December 20, 2011 Order, Nunez was not transported to a psychiatric facility immediately. The Court issued a Second Order directing that Nunez undergo a psychological evaluation on February 2, 2012. (Docket No. 895)[2]  The defendant filed a motion to dismiss on speedy trial grounds. (Docket No. 887). This speedy trial motion was denied by Judge Skretny on February 14, 2012. (Docket No. 899).

In a report dated May 7, 2012, Dr. Miriam Kissin, a forensic psychologist at the Federal Medical Center in Ayer, Massachusetts concluded that although Nunez had a preoccupation with religion, his "competency related skills [were] not significantly compromised by symptoms of serious mental illness, such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Dr. Kissin concluded that Nunez was choosing not to engage in the legal system. (Kissin, May 7, 2012 Report at page 18). Because this report conflicted with the other reports as to Nunez's competence, the Court directed that Nunez undergo a further mental evaluation. (Docket No. 905). In a report dated August 24, 2012, Dr. William J. Ryan, a forensic psychologist at the Metropolitan Correctional

---

[2]  A revised Order was filed on March 19, 2012, upon request from the psychiatric facility, to reflect that the initial evaluation was to determine whether or not Nunez was competent, and that an evaluation of whether Nunez was a danger to himself or the community would be conducted only if there was a finding that Nunez was incompetent, and further Court proceedings directing such an evaluation. (Docket No. 900).

Center in New York, diagnosed Nunez as suffering from Delusional Disorder, Posttraumatic Stress Disorder, and polysubstance Dependence.  (Ryan, August 24, 2012 Report at page 13). Dr. Ryan determined that Nunez "currently does not possess a rational and factual understanding of the proceedings against him, does not have the capacity to assist legal counsel in his defense and cannot rationally make decisions regarding legal strategy."  Therefore, Dr. Ryan concluded, Nunez was not competent to stand trial. (Ryan, August 24, 2012 Report at page 18).

The Court conducted competency hearings regarding this matter on November 6, 2012, November 7, 2012 and November 20, 2012. (Docket Nos. 908, 909, and 910).  Dr. Lucking, Dr. Kissin and Dr. Ryan each presented testimony consistent with their respective opinions as stated in the June 28, 2011, May 7, 2012 and August 24, 2012 reports. (Docket Nos. 908, 909 and 910).

The Court has reviewed the various reports in the record relating to Nunez's mental capacity to stand trial in this matter, the hearing testimony of Dr. Kissin, Dr. Ryan and Dr. Lucking. Further, the Court has considered the Court's own observations and interaction with Nunez (for example, see Docket No. 910 at pages 47-53).  Based on the above, the Court finds that the opinions of Dr. Ryan and Dr. Lucking are persuasive in this case and that Nunez's delusional preoccupation with religion prevents him from assisting with his defense in any meaningful way in this case.  The Court concludes that Nunez is not competent to stand trial in this matter pursuant to 18 U.S.C. §4241. It is recommended that, pursuant to §4241(d), Nunez be committed to the custody of the Attorney General to be hospitalized for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future Nunez will attain the capacity to permit the trial in this matter to go forward

against him.[3]

## Conclusion

It is recommended that the defendant's motion (Docket No. 870) for release from custody be granted to the extent that the defendant is found to be currently incompetent to stand trial and denied to the extent that it seeks immediate release of Nunez.  It is recommended that the defendant's motion to estop the government from contesting the competency of Nunez (Docket No. 880) be denied as moot in light of the Court's recommendation that the defendant is incompetent.[4]

Pursuant to 28 U.S.C.  §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the**

---

[3]  Although a determination relating to Nunez's probability of being restored to competency was proffered by Dr. Lucking in 2011 in connection with the S.D.N.Y. case, the parties have not presented authority which suggests that such a finding in another legal proceeding is sufficient to resolve the issue in all other cases involving that individual. In light of the passage of time, and the fact that the underlying indictment in this case is separate and distinct from the indictment involved in the S.D.N.Y. case, it appears that a separate and independent determination regarding the defendant's competence and possibility of restoration is required. The determination by Dr. Lucking in the S.D.N.Y. case can certainly be taken into consideration by the forensic evaluators examining Nunez possibility of restoration in this matter.

[4]  The record reflects that the government's position as to the defendant's competence has been somewhat inconsistent.  The record reflects that the government objected to severance based upon the allegation the Nunez was incompetent (see August 24, 2004 Minute Entry); but that at some point conceded to Judge Skretny that Nunez was incompetent (Docket No. 679 at pages 3-4).

Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

_/s/ Hugh B. Scott_
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 8, 2013

7